# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT COURT OF PENNSYLVANIA

| | |
|---|---|
| **FAHEEM ROCHESTER,** | |
| Plaintiff, | |
| v. | No. 1:17-CV-01220 |
| **WARDEN OF SCI BENNER, et al.** | (Judge Rambo) |
| Defendants. | |

## MEMORANDUM

Currently before the Court is a civil action filed by pro se Plaintiff, Faheem Rochester, pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) Plaintiff has also filed a motion to appoint counsel (Doc. No. 3) and a motion for leave to proceed in forma pauperis (Doc. No. 8.) Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), the Court performs the following screening of the complaint prior to service of process.

**I.    Background**

Plaintiff, an inmate currently incarcerated at the State Correctional Institution Greene, Waynesburg, Pennsylvania ("SCI-Greene"), initiated this civil action by filing a complaint on July 12, 2017, naming as Defendants the Warden of SCI Benner, Correctional Officer Lieutenant Justice, Correctional Officer Lieutenant Luciano, and Doctor Preston. (Doc. No. 1.) Plaintiff alleges that while held in a psychiatric observation cell at SCI-Benner, he was hand cuffed to his bed by

Defendants Justice and Luciano because he had a lighter in his rectum. (Id. at 2.) Plaintiff alleges that he was told by both Defendants that in order to have the hand cuffs removed, he had to have a bowel movement so they could retrieve the lighter. (Id.) However, Defendant Luciano then came to his cell and informed Plaintiff that Doctor Preston was going to come and physically remove the lighter from his rectum. (Id.) Plaintiff provides that he did not consent to Dr. Preston removing the lighter physically, but rather, would give Defendants the lighter once he had a bowel movement. (Id. at 2, 3.) Plaintiff alleges that against his will and despite him telling Defendants to stop, Defendant Luciano as well as nine other unidentified correctional officers held him down on his bed while Dr. Preston physical went into his rectum to retrieve the lighter. (Id. at 3.) Plaintiff alleges that he was bleeding as a result of the incident and was refused medical treatment. (Id.)

Plaintiff has alleged a violation of the Eighth Amendment's prohibition on cruel and unusual punishment as well as an Eighth Amendment deliberate indifference claim against Defendants.

## II. Standard of Review

Under 28 U.S.C. § 1915A, the Court is obligated, prior to service of process, to screen a civil complaint in which a prisoner is seeking redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); James v. Pa. Dep't of Corr., 230 F. App'x 195, 197 (3d Cir. 2007). The

Court must dismiss the complaint if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010). The Court has a similar obligation with respect to actions brought in forma pauperis. See 28 U.S.C. § 1915(e)(2). In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Mitchell, 696 F. Supp. 2d at 471.

When ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff. See In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). The Court's inquiry is guided by the standards of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Under Twombly and Iqbal, pleading requirements have shifted to a "more heightened form of pleading." See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show that the claim is facially plausible. Id. The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. As the Supreme Court instructed in Iqbal, "where the well-pleaded facts do not permit the

court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Accordingly, to determine the sufficiency of a complaint under Twombly and Iqbal, the United States Court of Appeals for the Third Circuit has identified the following steps a district court must take when determining the sufficiency of a complaint under Rule 12(b)(6): (1) identify the elements a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (citation and quotation marks omitted).

In ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)). A court may also consider "any 'matters incorporated by reference or integral to the claim, items subject to judicial notice,

matters of public record, orders, [and] items appearing in the record of the case.'" Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006) (quoting 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (3d Ed. 2004)).

In conducting its screening review of a complaint, the court must be mindful that a document filed pro se is "to be liberally construed." Estelle v. Gamble, 429 U.S. 97, 106 (1976). A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Haines v. Kerner, 404 U.S. 519, 520–21 (1972).

### III.   Section 1983 Standard

In order to state a viable § 1983 claim, the plaintiff must plead two essential elements: 1) that the conduct complained of was committed by a person acting under color of state law, and 2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 580-81 (3d Cir. 2003). Further, § 1983 is not a source of substantive rights. Rather, it is a means to

redress violations of federal law by state actors. Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002).

Moreover, in addressing whether a viable claim has been stated against a defendant, the court must assess whether the plaintiff has sufficiently alleged that the defendant was personally involved in the act which the plaintiff claims violated his rights. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Liability may not be imposed under § 1983 on the traditional standards of respondeat superior. Capone v. Marinelli, 868 F.2d 102, 106 (3d Cir. 1989) (citing Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1082 (3d Cir. 1976)). Instead, "supervisory personnel are only liable for the § 1983 violations of their subordinates if they knew of, participated in or acquiesced in such conduct." Capone, 868 F.2d at 106 n.7.

There are only two avenues for supervisory liability: (1) if the supervisor "knew of, participated in or acquiesced in" the harmful conduct; and (2) if a supervisor established and maintained a policy, custom, or practice which directly caused the constitutional harm. Id.; Santiago, 629 F.3d at 129; A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Ctr., 372 F.3d 572, 586 (3d Cir. 2004). As it concerns the second avenue of liability, conclusory, vague, and speculative allegations of custom, policy, or practice are insufficient. Id.

## IV.     Discussion

### A. Individual and Official Capacities

Plaintiff brings this suit against Defendants in both their individual and official capacities and seeks declaratory and injunctive relief, as well as relief in the form of compensatory and punitive damages.  A state official sued in his or her official capacity is not a "person" for purposes of § 1983 where the relief sought is monetary damages because the Supreme Court has not construed § 1983 as an abrogation of the states' Eleventh Amendment immunity.  Will v. Michigan Dep't of State Police, 491 U.S. 58, 63-71 (1989).  Will clearly precludes actions for damages against state officials acting in their official capacities.  However, the state's immunity is not shared by state officers to the extent that the suit seeks prospective injunctive or declaratory relief or seeks damages from the officers in their individual capacities.  Ex Parte Young, 209 U.S. 123 (1908); see Verizon Md., Inc. v. Pub. Serv. Comm'n of Md., 535 U.S. 635 (2002).  Consequently, to the extent Plaintiff seeks damages against the Defendants in their official capacities under § 1983 for compensatory or punitive damages, those claims will be dismissed.

## B. Respondeat Superior

While Plaintiff names the Warden of SCI-Benner as a Defendant, the complaint contains no specific allegations against the Warden. Local government units and supervisors typically are not liable under § 1983 solely on a theory of respondeat superior. See City of Oklahoma City v. Tuttle, 471 U.S. 808, 824 n.8 (1985); Monell v. Dep't of Soc. Servs. Of City of N.Y., 436 U.S. 658, 690-91 (1978). "A defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of respondeat superior. Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988); see also Sutton v. Rasheed, 323 F.3d 236, 249 (3d Cir. 2003) (citing Rode.) Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Rode, 845 F.2d at 1207. As set forth in Rode,

> A defendant in a civil rights action must have personal involvement in the alleged wrongs…. [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or knowledge and acquiescence, however, must be made with appropriate particularity.

Id. at 1207.

With respect to the Warden, a review of the complaint confirms that other than being listed as a Defendant, there are no specific assertions that the Warden

had any personal involvement in the purported violations of Plaintiff's rights. Accordingly, the Court will dismiss the Warden from this action without prejudice and grant Plaintiff leave to amend his complaint to include specific allegations, if any, against the Warden.

### C. Request for Appointment of Counsel

Along with his complaint, Plaintiff requests appointment of counsel. (Doc. No. 3.) Although prisoners have no constitutional or statutory rights to appointment of counsel in a civil case, a court does have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(d). Tabron v. Grace, 6 F.3d 147, 153, 155-57 (3d Cir. 1993) (setting forth non-exhaustive list of factors to be considered in ruling on motion for appointment of counsel, including the merits of the claims and the difficulty of the legal issues), cert. denied, 114 S.Ct. 1306 (1994); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). The Court of Appeals for the Third Circuit has stated, however, that appointment of counsel for an indigent litigant should only be made "upon a showing of special circumstances indicating the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984). But no part of the discussion in Smith-Bey of circumstances

warranting appointment of counsel should be interpreted to mean that "appointment is permissible only in exceptional circumstances and that, in the absence of such circumstances, the court has no discretion to appoint counsel." Tabron, 6 F.3d at 155.

Plaintiff's motion fails to set forth sufficient special circumstances or factors warranting appointment of counsel. See Tabron v. Grace, supra. The complaint and other documents filed by Plaintiff to date reveal that he is capable of presenting his claims. Furthermore, this Court's liberal construction of pro se pleadings, e.g., Haines v. Kerner, 404 U.S. 519, 520 (1972), coupled with Plaintiff's apparent ability to litigate this action pro se, militate against the appointment of counsel. Moreover, the Court cannot say, at least at this point, that Plaintiff will suffer substantial prejudice if he is forced to prosecute this case on his own.

In the event that future proceedings demonstrate the need for counsel, the matter may be reconsidered by the court either sua sponte or upon a motion properly filed by Plaintiff.

## V.    Leave to Amend

The Court is mindful that in civil cases pro se plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in

its entirety unless an amendment would be inequitable or futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Based on the foregoing, the Court will grant Plaintiff leave to amend his complaint as to the claims set forth against the Warden of SCI-Benner. Should Plaintiff elect to file an amended complaint, he is advised that the amended complaint must be complete in all respects. It must be a new pleading which stands by itself without reference to the original complaint or any other documents already filed. The amended complaint should set forth his claims in short, concise and plain statements as required by Rule 8 of the Federal Rules of Civil Procedure. Each paragraph should be numbered. It should specify which actions are alleged as to which defendants and sufficiently allege personal involvement of the defendant in the acts which he claims violated his rights. Mere conclusory allegations will not set forth a cognizable claim. Importantly, should Plaintiff elect to file an amended complaint, he must re-plead every cause of action in the amended complaint that the Court has found to be adequately pled in the current complaint because the amended complaint will supercede the original complaint. See Knight v. Wapinsky, No. 12-CV-2023, 2013 WL 786339, at *3 (M.D. Pa. March. 1, 2013) (stating that an amended complaint supercedes the original complaint). Because an amended complaint supercedes the original pleading, all causes of action alleged in the

original complaint that are omitted from the amended complaint will be deemed waived. Id. (citations omitted).

**VI.    Conclusion**

For the foregoing reasons, Plaintiff's motion to proceed in forma pauperis (Doc. No. 8) will be granted, his motion to appoint counsel (Doc. No. 3) will be denied without prejudice, and his complaint (Doc. No. 1), will be dismissed in part for failure to state a claim upon which relief can be granted. The Court will defer service of the original complaint to give Plaintiff an opportunity to file an amended complaint within thirty (30) days from the date of this Memorandum's corresponding Order. An appropriate order follows.

   s/Sylvia H. Rambo
   SYLVIA H. RAMBO
   United States District Judge

Dated: September 5, 2017